

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2002

# USA v. Brennan

Precedential or Non-Precedential:

Docket 0-2381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Brennan" (2002). *2002 Decisions.* Paper 134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-2381
_____

UNITED STATES OF AMERICA

v.

THOMAS P. BRENNAN,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 00-cr-00010)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2002
Before: MANSMANN, McKEE and BARRY, Circuit Judges.

(Filed:  February 19, 2002)
_____

MEMORANDUM OPINION OF THE COURT
_____

MANSMANN, Circuit Judge.

Thomas Brennan was convicted following a jury trial on three counts of
income tax evasion in violation of 26 U.S.C.   7201 and three counts of failure to file
income tax returns in violation of 26 U.S.C.   7203.  The District Court sentenced
Brennan to a 30-month term of imprisonment on each of the tax evasion counts and to a
12-month term of imprisonment on each of the failure to file counts, the terms to be
served concurrently.  Brennan filed a timely notice of appeal, but his counsel seeks leave
to withdraw under Anders v. California, 386 U.S. 738 (1967), claiming that Brennan's
appeal is wholly frivolous.  Pursuant to Third Circuit Local Appellate Rule 109.2(a),
Brennan filed pro se pleadings raising additional issues.

We conclude that counsel's Anders brief meets the requirements outlined in

Smith v. Robbins, 528 U.S. 259, 285 (2000), and United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). Because we do not find merit in any of the issues raised by counsel in the Anders brief or in Brennan's pro se submissions, we will grant counsel's motion to withdraw and will affirm the judgment in a criminal case.

## I.

The facts and procedural history underlying this matter are well-known to the parties. Accordingly, we turn directly to the issues presented.

Counsel's Anders brief identifies four issues arguably supporting this appeal. First counsel questions whether the District Court had jurisdiction over this matter because Brennan's tax liability was not first determined administratively. Exhaustion of administrative remedies does not apply to this case; 18 U.S.C. 3231 establishes that district courts have jurisdiction to consider alleged violations of federal criminal statutes. We agree with counsel that the argument that the District Court lacks jurisdiction because Fed.R.Crim.P. 54 does not specifically mention the District Court of New Jersey is similarly frivolous.

Counsel next addresses Brennan's argument, raised in the District Court, that payment of federal income tax is not mandated by any federal statute or regulation. Congress, pursuant to the Sixteenth Amendment, exercised its power to establish and enforce payment of federal income tax. 26 U.S.C. 7201 and 7203 criminalize income tax evasion. The indictment in this case charged Brennan with violating these statutes; it was not necessary for the government to allege or prove that Brennan violated any of the implementing regulations.

The third arguable issue identified by counsel concerns whether Brennan acted willfully when he violated the tax laws and whether the jury might have been confused by the District Court's instructions relating to willfulness. We have read the charge as given and do not find it confusing. In any event, our precedent establishes that where a jury concludes that a person charged with tax evasion engages in affirmative acts to evade taxes, the willfulness requirement is satisfied. United Sates v. McGill, Jr., 964 F.2d 222 (3d Cir. 1982). The record reveals evidence of a number of affirmative acts that

may reasonably have been seen as related to tax evasion.  This argument, too, lacks merit.

Finally, counsel identifies as an arguable issue whether the District Court erred in calculating the amount of tax due for purposes of determining Brennan's sentence.  There is case authority for the proposition that a sentencing court may consider a defendant's tax liability for years not charged in the indictment.  See United States v. Rabin, 986 F.Supp. 887, 890 (D.N.J. 1997), aff'd, 159 F.3d 1554 (3d Cir. 1998).  Brennan does not cite authority to the contrary and, in any event, has failed to establish that he would have received a more lenient sentence had his tax liability been calculated excluding the disputed amounts.

The issues identified in Brennan's pro se submissions repeat or recast the arguments discussed in counsel's Anders brief.  Again, we do not find merit in these allegations of error.

## II.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the judgment in a criminal case.

_____

To the Clerk:

Please file the foregoing opinion.

/s/    Carol Los Mansmann

Circuit Judge